(Not for publication)                                                                 Docket Entry No. 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____

JULIAN NIX,                                      :
                                                 :
                         Plaintiff,              :        Civil No. 05-03685 (RBK)
                                                 :
            v.                                   :        **OPINION**
                                                 :
OPTION ONE MORTGAGE                              :
CORPORATION,                                     :
                                                 :
                         Defendant.              :
_____          :

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by Defendant Option One Mortgage Corporation ("Option One") to dismiss portions of the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Specifically, Option One argues that the Plaintiff's claims under the Truth and Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., as well as his related claim for breach of contract are both time-barred by the applicable statutes of limitations.  For the reasons set forth below, this Court will grant the Defendant's motion.

## I.  BACKGROUND

According to the Plaintiff's Amended Complaint, Julian Nix entered into a residential mortgage loan agreement ("loan transaction") with Option One on or about July 28, 1998. (Am. Compl. ¶ 3.) The loan transaction was a first mortgage upon residential real estate, which Nix used to purchase his personal residence. (Am. Compl. ¶ 41.)  As such, the loan transaction

allegedly provided Option One with a "lien interest" on Plaintiff's personal residence located at

25 Derby Drive, Glassboro, New Jersey. (See Am. Compl. ¶¶ 1, 25.)

Nix alleges that, upon execution of this loan transaction, Option One did not provide him

with the proper disclosures regarding the obligor's right to rescind, which Nix asserts are

required by the TILA. (Am. Compl. ¶¶ 4, 26). Three days later, at 10:30 a.m. on July 31, 1998,

Nix contends that he notified Option One, via facsimile and regular mail, that he was rescinding

the loan transaction. (Am. Compl. ¶ 5.)  Option One allegedly did not honor Nix's attempt to

rescind the loan transaction because "the property was encumbered and the transaction was not

subject to rescission." (See Am. Compl. ¶ 20.)

After his attempt to rescind the loan transaction, Nix alleges that Option One took several

improper actions with respect to his loan account.  In particular, Nix argues that Option One: (1)

imposed improper late fees on the loan account despite Nix's timely payment of the loan, (2)

improperly paid Nix's taxes without his agreement and in advance of when they were due, (3)

repeatedly and improperly held Nix's agreed upon monthly mortgage payment in escrow instead

of applying it to the principal and interest on the loan account, (4) sent Nix a notice of intent to

foreclose on the property even though the account was not in default, (5) reported derogatory and

inaccurate information relating to Nix's credit history to third parties, and (6) failed to mark

Nix's loan account as disputed.  (Am. Compl. ¶¶ 7-16.)

Consequently, Nix filed his Complaint in this action on April 22, 2005 in the Superior

Court, Law Division, of Gloucester County, seeking rescission of the loan transaction and

damages.  The initial Complaint contained two counts.  Count One alleged that Option One

failed to honor Nix's right to rescind in violation of TILA.  Count Two alleged that Option One

breached the loan contract by failing to rescind the loan transaction following Nix's request for

rescission.

On July 22, 2005, the Defendant removed the action to this Court on the basis of federal

question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332.  On August 15, 2005,

Option One filed the present motion to dismiss seeking dismissal of the TILA and breach of

contract claims on the basis that they were untimely filed.   Shortly thereafter, on September 1,

2005, Nix filed an Amended Complaint.  The Amended Complaint contains TILA and breach of

contract claims similar to Counts One and Two of the original Complaint, and it also contains

two additional counts pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12

U.S.C. § 2601, et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

Because the instant motion to dismiss only pertains to the TILA and breach of contract claims,

the Court will not address the RESPA and FCRA counts in deciding the motion.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a

complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R.

Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as

true all allegations in the complaint and must provide the plaintiff with the benefit of all

inferences that may be fairly drawn from the contents of the complaint.  Kost v. Kozakiewicz, 1

F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  The Court

may not grant a Rule 12(b)(6) motion to dismiss unless it is certain that no set of facts can be

proven that would entitle the plaintiff to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957);

Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Furthermore, where the plaintiff is

proceeding pro se, the plaintiff's complaint is subject to a less stringent standard than more

formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However,

even a pro se plaintiff, like Mr. Nix, must still plead the essential elements of his claim and is not

ordinarily excused from conforming to standard procedural rules. See McNeil v. United States,

508 U.S. 106, 113 (1993).

## III.  DISCUSSION

The Defendant's motion seeks dismissal of (1) the TILA claims in Count One of the

Amended Complaint, and (2) the breach of contract claim for failure to honor Nix's rescission

request in Count Two of the Amended Complaint.  The amended Count One alleges that Option

One violated provisions of TILA by (1) failing to make material disclosures regarding Plaintiff's

rights to rescission, and (2) refusing to honor Plaintiff's attempt to rescind the loan transaction.

Pursuant to TILA, Nix seeks rescission of the loan transaction and damages.  In the amended

Count Two, Nix alleges that Option One breached the loan contract with Nix by (1) failing to

honor his rescission notice and (2) failing to abide by other terms and conditions of the loan

transaction.[1]  Nix seeks an award of damages for the alleged breach.

In its motion to dismiss, Option One argues that the TILA claims and at least one of the

_____

[1]The Defendant concedes in its reply memorandum that the breach of contract allegations
are different in the Complaint and Amended Complaint.  In the Complaint, the basis for the
alleged breach is the Defendant's failure to honor Nix's rescission request.  In the Amended
Complaint, the basis for the alleged breach is not only the Defendant's failure to honor Nix's
rescission request, but it also relates to events occurring after the rescission attempt.  These other
potential breaches are outlined in paragraphs 7 through 16 of the Amended Complaint, and
include things like the Defendant's (1)  imposition of late fees, (2) payment of Plaintiff's taxes,
(3) failure to apply Plaintiff's monthly payment to the principal and interest on the loan, and (4)
the unauthorized increase in Plaintiff's monthly mortgage rate.  Although these events allegedly
occurred sometime after the Plaintiff's attempted rescission of the loan transaction, the Plaintiff
does not provide any dates for these other alleged breaches, making it impossible for the Court to
determine whether they are barred by the applicable statute of limitations.  The Defendant's reply
papers concede that the only breach of contract claim that it seeks to dismiss as untimely is the
Plaintiff's breach of contract claim regarding his rescission request and the Defendant's failure to
honor that rescission.  Therefore, the Court's opinion with respect to the breach of contract claim
in Count Two of Plaintiff's Amended Complaint is limited to the alleged breach of contract
pertaining to the Defendant's failure to honor Nix's rescission attempt. (See infra Part III.B.)

breach of contract claims are time-barred by the relevant limitations periods.  First, Option One

argues that the claim for rescission is untimely because the parties entered into the loan

transaction on July 28, 1998, but Plaintiff did not file this action seeking rescission until April

22, 2005. See 15 U.S.C. § 1635(f) (establishing that the right to rescission expires three years

from the date of consummation of the loan transaction).  Second, Option One argues that the

Plaintiff's claim for damages under the TILA is likewise untimely because the alleged violation

occurred over six years ago and section 1640(e) states that an action for damages under TILA

must be brought within one year of the date of the violation. See 15 U.S.C. § 1640(e).  Finally,

Option One asserts that Plaintiff's breach of contract claim is time-barred because New Jersey

has a six year statute of limitations for contractual claims, and Plaintiff has waited more than six

years from the date of the alleged request for rescission to bring his state law claim.

For the reasons set forth below, this Court will grant the Defendant's motion to dismiss

the Plaintiff's claim for rescission and damages pursuant to the TILA, as well as his breach of

contract claim relating to rescission of the loan contract.

**A.  TILA**

The TILA is designed to "assure a meaningful disclosure of credit terms so that the

consumer will be able to compare more readily the various credit terms available to him and

avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair

credit billing and credit card practices." 15 U.S.C. § 1601(a).  To that end, the TILA requires

creditors to provide borrowers with certain disclosures regarding things like finance charges,

percentage rates of interest, and borrower's rights. See 15 U.S.C. §§ 1631, 1632, 1635, 1638; 12

C.F.R. §226.23(b)(1).  A creditor who violates the TILA may be subject to criminal penalties, in

addition to statutory and actual damages relating to a creditor's failure to make the required

disclosures.  See 15 U.S.C. §§ 1611, 1640.  According to section 1640(e), a borrower may bring an action for damages within one year after an alleged violation of the TILA; however, the borrower may assert the right to damages as an affirmative defense of recoupment or set-off in a collection action brought by the lender even after the one year period has passed.  See 15 U.S.C. § 1640(e).

    In addition to providing a right to damages, the TILA also permits a borrower whose loan is secured with a "principal dwelling" to rescind the loan transaction entirely until "midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section with a statement containing the material disclosures required under this subchapter, whichever is later." 15 U.S.C. § 1635(a).  If the lender fails to provide or deliver the appropriate forms and disclosures, the obligor's right of rescission will extend for three years after consummation of the transaction. See 15 U.S.C. § 1635(f).

     Once a borrower exercises the right to rescind, he is not liable for any charges, and furthermore, any security interest given by him as part of the transaction becomes void upon rescission.  15 U.S.C. §1635(b).  Within twenty days of receiving the notice of rescission, the creditor must "return to the borrower any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." Id.

    This right to rescind, however, is subject to limitations and exceptions.  First, even if the lender does not make the required disclosures, the borrower's right to rescind expires three years after the date of consummation of the transaction, or upon the sale of the property, whichever

occurs first.  15 U.S.C. §1635(f).[2]  This time limit is an absolute bar that extinguishes the right

itself if the right is not exercised by the obligor within the designated time frame.  See Ramadan

v. Chase Manhattan Corp., 156 F.3d 499, 505 (3d Cir. 1998) (relying upon Beach v. Ocwen Fed.

Bank, 523 U.S. 410 (1998) which found that Congress explicitly linked the right and the remedy

in section 1635, such that the right to rescission itself expires at the end of the designated period).

That is, unlike the right to damages outlined in section 1640(e), the right to rescission may not be

asserted as an affirmative defense after expiration of the three-year limitations period. Beach, 523

U.S. at 417.   Furthermore, even if a borrower has attempted to rescind the transaction within the

initial three day period following execution of the loan transaction, that attempt is not sufficient

to preserve a right to rescind which is claimed more than three years from the date the transaction

was consummated. Kamara v. Michael Funding, LLC, 379 F. Supp. 2d 631, 634 (D. Del. 2005).

Second, the rescission rules outlined in section 1635 do not apply to "residential

mortgage transactions" as defined by section 1602(w).  See 15 U.S.C. § 1635(e)(1).  Section

1602(w) defines a "residential mortgage transaction" as a "transaction in which a mortgage, deed

of trust, purchase money security interest arising under an installment sales contract, or

equivalent consensual security interest is created or retained against the consumer's dwelling to

finance the acquisition or initial construction of such dwelling."  15 U.S.C. § 1602(w).  If the

transaction is a residential mortgage transaction, then it is not rescindable, and the borrower does

not have the rescission rights outlined in section 1635. 15 U.S.C. § 1635(e)(1) (stating that

---

[2]Section 1635(f) contains one exception to the three year limitations period on rescission, which is inapplicable to the present case.  If an agency with authority to enforce the TILA institutes a proceeding to enforce provisions of section 1635(f) within three years from the date a transaction was consummated, and the agency finds a violation of section 1635, then the obligor's right to rescind might extend to the expiration of one year following the conclusion of the agency proceeding.  See 15 U.S.C. § 1635(f).  Because there is no agency action here, this exception to section 1635(f) is irrelevant to the present motion.

section 1635 does not apply to residential mortgage transactions); see In re Crisomia, No. 00-

35085DWS, 00-0938, 2002 WL 31202722, at *10, *12 (Bankr. E.D. Pa. Sept. 13, 2002) (slip

opinion) (". . . certain transactions are specifically exempted from rescission, including a

'residential mortgage transaction'. . . . it is clear that residential mortgage transactions are not

rescindable").

### 1.  Applicability of Section 1635 to the Loan Transaction

Before addressing the parties' arguments regarding the applicability of the statutory

limitations periods to Plaintiff's damages and rescission claims, the Court must first address

whether the loan transaction at issue is one that is capable of being rescinded by the borrower.

To reiterate, to be rescindable, the transaction must be (1) a credit transaction in which a security

interest is or will be acquired in the borrower's principal dwelling, and (2) the transaction must

not be one of the exempted transactions listed in section 1635, such as a "residential mortgage

transaction" as defined by section 1602(w). See 15 U.S.C. §§ 1635(a), (e).  In other words, if the

loan transaction between Nix and Option One is a "residential mortgage transaction" as defined

in section 1602(w), then the transaction is not rescindable, and the Plaintiff's claims based upon

his alleged rescission rights under TILA must fail as a matter of law.

Neither party directly addresses whether the loan transaction is a "residential mortgage

transaction," but the information in Plaintiff's Amended Complaint suggests that the transaction

may, in fact, fit within that category.  In paragraph 41, the Plaintiff states that the "loan is a

federally related mortgage . . . because it is a first *mortgage* upon residential real estate securing a

loan *for the purchase* of the residential real estate. . . ." (Am. Compl. ¶ 41.) (emphasis added)  In

addition, the Plaintiff states that through the loan transaction "the Defendant held a lien interest

on personal dwelling." (Am. Compl. ¶ 25.)  The referenced personal dwelling is Nix's current

residence at 25 Derby Drive, Glassboro, New Jersey. (See Am. Compl. ¶ 1.)  Based on these

statements in Plaintiff's Amended Complaint, it appears that the loan transaction may be a

residential mortgage transaction because it is a mortgage against what appears to be Nix's

principal dwelling, and it was used to purchase/acquire that dwelling. See 15 U.S.C. §§ 1635(a),

1635(e), 1602(w).  Assuming the loan transaction between Nix and Option One fits within this

definition of a residential mortgage transaction, the Plaintiff would not have a right to rescind the

transaction pursuant to section 1635, and thus, his claims for rescission and damages based upon

the Defendant's failure to honor his rescission would fail. See 15 U.S.C. § 1635(e); In re

Crisomia, 2002 WL 31202722, at *10, *12 (noting that a residential mortgage transaction is not

subject to the rescission rights outlined in section 1635 of the TILA); Warburton v. Foxtons, Inc.,

No. 04-2474, 2005 WL 1398512, at *8 n.13 (D.N.J. June 13, 2005) (slip opinion) (noting that the

defendants did not oppose the motion to dismiss their TILA claim on grounds that section 1635

does not apply to residential mortgage transactions).

      However, the allegations and terminology in Plaintiff's pro se pleadings are somewhat

unclear, and neither the Plaintiff nor the Defendant has made any argument regarding whether the

loan transaction is the kind of transaction that is subject to the right to rescind.  For instance, it is

uncertain when the real estate used to secure the loan transaction became Nix's principal

dwelling. See In re Crisomia, 2002 WL 31202722, at *10 (explaining that whether a transaction

is rescindable depends in part upon whether the dwelling that secures a loan became the principal

dwelling of the debtor within one year of the loan transaction).  Given this ambiguity and the

Court's duty to construe all facts and reasonable inferences therefrom in a manner most favorable

to the pro se Plaintiff, the Court will not base its analysis of Plaintiff's claims on the unfavorable

inference that the transaction at issue was a non-rescindable, residential mortgage transaction.

Instead, the Court will address the timeliness issues raised in the Defendant's motion.

2.  Right of Rescission

Even assuming that the loan transaction is rescindable, the Plaintiff's claim for rescission

is time-barred by section 1635(f).  The parties entered into the loan transaction secured by

Plaintiff's principal dwelling on July 28, 1998, and the Plaintiff notified Option One that he was

rescinding the transaction at 10:30 a.m. on July 31, 1998. (Am. Compl. ¶¶ 3, 5.)  In other words,

assuming that the loan transaction was not a residential mortgage transaction, the Plaintiff acted

in accordance with section 1635(a) by notifying the Defendant that he was rescinding the

transaction within three days of consummating the transaction.  Furthermore, assuming that the

Defendant failed to provide the required information regarding the borrower's rescission rights,

Nix's rescission rights would further extend for three years from the date of the transaction

pursuant to section 1635(f).  That means that Nix would retain the right to rescind the transaction

until July 28, 2001.  However, Nix did not file the original Complaint seeking rescission of the

loan transaction until April 22, 2005.  Consequently, Nix's claim for rescission of the loan

transaction expired prior to his initiation of this lawsuit.  See Beach, 523 U.S. at 412, 419

(finding that the right to rescission expires at the end of the three year period designated in

section 1635(f)); Kamara, 379 F. Supp. 2d at 634 (noting that even where a borrower attempts to

rescind within the initial three day period and the lender fails to make proper disclosures, the

borrower's rescission attempt does not preserve the right to claim rescission in an action brought

after the three year limitations period).

In sum, although Nix attempted to exercise his right to rescind on July 31, 1998, and

Option One denied his request, Nix's claim for "specific performance" of his rescission rights is

improper because he filed the claim after expiration of the three year period established by

section 1635(f).  As a result, there is no set of facts that Nix can prove that would entitle him to

the rescission relief he requests.  Accordingly, the Court will grant Option One's motion to

dismiss Plaintiff's TILA claim for rescission.

> 3.  Right to Damages

In addition to rescission, Plaintiff presumably seeks actual and statutory damages under

the TILA.  Although the Amended Complaint does not explicitly state that Nix seeks such

damages, Nix alleges various violations of the TILA that, if meritorious, would warrant a

damages award.  In particular, Nix not only alleges that Option One failed to honor his rescission

notice, but he also claims that Option One failed to provide the required disclosures under the

TILA. See Williams v. Gelt Fin. Corp., 237 B.R. 590, 599-600 (E.D. Pa.1999) (ruling that

damages may be awarded both for the creditor's failure "to make the required disclosures" and

"for its failure to respond properly to [the debtor's] rescission"); Mayfield v. Vanguard Sav. &

Loan Ass'n, 710 F. Supp. 143, 146 (E.D. Pa. 1989) (noting that although multiple disclosure

violations made in connection with a single loan transaction entitle a consumer to only a single

recovery, the consumer is also entitled to an additional award of damages under § 1640 if the

consumer rightfully exercised her right to rescind and the creditor failed to comply with its

obligations).

In its motion to dismiss, however, Option One relies upon the one-year statute of

limitations set out in section 1640(e) to argue that Plaintiff's damages claims under the TILA are

time-barred.  That is, the alleged violations occurred when Option One (1) failed to make the

relevant disclosures upon consummating the loan transaction on July 28, 1998, and further (2)

failed to terminate its security interest in Nix's property within twenty days of receiving his July

31, 1998 notice of rescission. See 15 U.S.C. § 1635(b) (stating that the creditor has twenty days

from the receipt of a rescission notice to terminate its security interest in debtor's property); In re

Crisomia, 2002 WL 31202722, at * 4 (citing Van Pier v. Long Island Sav. Bank, 20 F. Supp. 2d

535, 538-39 (S.D.N.Y. 1998) (additional citations omitted) for the proposition that a TILA

nondisclosure claim accrues for purposes of the one-year statute of limitations in section 1640(e)

at the time the parties sign the loan documents).  In other words, Nix had one year from July 28,

1998 and August 20, 1998 to file his damages claims.  However, Nix filed his original Complaint

in this matter on April 22, 2005, which was several years after the allowable time period had

passed.  Therefore, Option One argues that the TILA damages claims are barred by the

limitations period set forth in section 1640(e).

Although the one year limitations period has technically expired for Nix's TILA damages

claims, there are two potential exceptions to the one-year statute of limitations for damages

claims brought pursuant to section 1640(e).  First, as mentioned above, if a debtor asserts a TILA

damages claim as a recoupment or set-off defense in response to an action brought by a creditor,

then that damages claim may be raised after the one year period has expired. 15 U.S.C. §

1640(e); see Beach, 523 U.S. at 412; In re McNinch, 250 B.R. 848, 853 (Bankr. W.D. Pa. 2000).

Second, equitable tolling principles apply to the one-year statute of limitations set forth in section

1640(e). Ramadan, 156 F.3d at 504.  If applicable in the present case, equitable tolling would

operate to stop the statute of limitations from running even though the accrual date has already

passed. See Weis-Buy Services, Inc. v. Paglia, 411 F.3d 415, 424 (3d Cir. 2005) (citation

omitted).  To determine whether the one-year statute of limitations contained in section 1640(e)

precludes plaintiff's TILA damages claims, the Court must address whether the claims are

asserted as a defense of recoupment or set-off and whether equitable tolling applies.

a.  Recoupment or Set-off

Nix's damages claim does not fit within the exception to section 1640(e)'s one year

limitations period because the damages claim is not raised as an affirmative defense of

recoupment or set-off. See 15 U.S.C. § 1640(e).  The right to set off allows parties that owe each

other money to apply their mutual debts against each other. In re Anes, 195 F.3d 177, 182 (3d

Cir. 1999).  In general, like set off, the doctrine of recoupment allows a creditor that owes a debt

to a debtor to reduce the amount of its debt by the amount of a debt owed by the debtor to the

creditor; however, unlike set off, the right to recoupment only exists where the two debts arise

out of the same transaction. Id.

A comparison of other cases in which a debtor has been permitted to assert a TILA

recoupment defense highlights the difference between those situations and the present case. See

e.g., Beach, 523 U.S. 410; Jones v. Progressive-Home Fed. Sav. & Loan Ass'n, 122 B.R. 246

(W.D. Pa. 1990).  In Beach, the creditor  brought a mortgage foreclosure action against the

debtors. Beach, 523 U.S. at 413.  In that action, the debtors asserted as an affirmative defense

that the creditor failed to make disclosures required by the TILA, and thus, the debtors should be

entitled to reduce the creditor's claim by the amount of their actual and statutory damages. Id. at

413-14.  Although the primary question before the Court involved the debtor's rescission rights,

the Court reiterated the lower court's finding that the debtors were entitled, by way of defense

and pursuant to 1640(e), to off set the amount they owed to the creditor by the amount of their

actual and statutory damages. Id. at 414.  Similarly, in Jones, after the creditor brought a

foreclosure action and obtained a foreclosure judgment and writ of execution, the debtor filed for

bankruptcy. Jones, 122 B.R. at 248.  The debtor filed a proof of secured claim on behalf of the

creditor as well as an adversary complaint objecting to the secured claim.[3]  Id.  After establishing

that the creditor's claim and the debtor's TILA claim arose out of the same mortgage transaction,

the court found that the TILA claim was in the nature of a defense in that action. Id. at 250.  The

court noted, "[t]he TILA claim was not asserted as an independent cause of action, but instead

was asserted in response to Progressive's proof of claim in order to limit the extent of recovery

by Progressive on its claim.  Therefore, Jones' TILA claim is in the nature of a defense to

creditor's claim for purposes of recoupment." Id.

The present case is distinguishable from both Beach and Jones in that Nix's claim for

damages under the TILA has not been raised as a defense.  Unlike the foreclosure suit in Beach

and the proof of a secured claim in Jones--both of which were actions brought by the creditor

against the debtor--the present action was not brought by Option One against Nix.  Although the

Amended Complaint alleges that Nix received notice of Option One's intent to foreclose, the

instant lawsuit is not a foreclosure action by the creditor, nor is the Court aware of any pending

foreclosure action against Nix.  Rather, Nix is the party that brought this independent action

against Option One, and there is currently no claim by Option One pending against Nix in this

matter.  Therefore, Nix's TILA damages claim is not brought as an affirmative defense.  That

said, if Option One brings a foreclosure action against Nix in a separate adversary proceeding,

Nix would presumably have the option of pleading recoupment as an affirmative defense there,

---

[3]In bankruptcy actions, creditors present their claims to the court by filing a proof of claim.  If a creditor does not file a proof of claim, the Bankruptcy Code allows a debtor to file a proof of claim on the creditor's behalf in order to protect the debtor by causing the creditor's secured claims to be considered in the bankruptcy action.  However, regardless of whether the creditor files the proof of claim, or whether the debtor files it on the creditor's behalf, the proof of claim is in the nature of a complaint on creditor's behalf, not the debtor.  The point of allowing the debtor to file the proof of claim on creditor's behalf is merely to present the entirety of the debtor's debt to the bankruptcy court.  Jones, 122 B.R. at 250.

subject to any state law restrictions on the right to recoupment.  However, that is not the situation

presented to this Court.  Because Nix's claim for damages under the TILA has not been brought

as a recoupment or set off defense, the exception to the one year limitations period outlined in

section 1640(e) does not apply to Nix's damages claims under the TILA.

### b.  Equitable Tolling

Equitable tolling serves to "stop the statute of limitations from running where the claim's

accrual date has passed." Weis-Buy Services, Inc. v. Paglia, 411 F.3d 415, 424 (3d Cir. 2005)

(citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F. 3d 1380, 1387 (3d Cir. 1994)).  In

general, the principle applies where (1) the defendant has actively misled the plaintiff respecting

the plaintiff's cause of action; (2) the plaintiff has been prevented in some extraordinary way

from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly

in the wrong forum. Id.  A plaintiff seeking relief under the equitable tolling doctrine must

ultimately show that he exercised due diligence in defending his legal rights and that despite his

due diligence, one of the three circumstances described above prevented him from pursuing his

claims in a timely manner.  See Irwin v. Dept. of Veteran Affairs, 498 U.S. 89, 96 (1990).

In the present case, neither the Plaintiff nor the Defendant has addressed the issue of

equitable tolling with respect to the Plaintiff's TILA damages claims.  Although equitable tolling

may apply to a claim under the TILA for damages, Nix has not presented the Court with any

argument as to why equitable tolling should apply in this case.  In addition, Nix's Amended

Complaint similarly does not contain factual allegations that would support application of

equitable tolling in this situation.  Therefore, because neither party presents any allegation or

argument as to why equitable tolling should apply, this Court will grant Option One's motion to

dismiss Plaintiff's TILA claim for damages on the basis that it is time-barred.  See Bey v.

DaimlerChrysler Services of North America, LLC, No. 04-6186, 2005 WL 1630855, at *4

(D.N.J. Jul. 8, 2005) (dismissing TILA damages claim as time-barred where (1) pro se plaintiff

failed to raise equitable tolling in response to the defendant's motion to dismiss and (2)

plaintiff's complaint did not contain any factual allegations to support an equitable tolling

defense); Davitt v. Open MRI of Allentown, LLC, No. 03-5612, 2003 WL 23162429, at *6 (E.D.

Pa. Dec. 17, 2003) (dismissing claim as time-barred where plaintiff failed to adequately allege

the requirements of equitable tolling in her complaint or in her opposition to the defendants'

motion to dismiss); see also Roseman v. Hassler, 382 F. Supp. 1328, 1341 (W.D. Pa. 1974)

(refusing to consider a limitations defense when not plead and not raised in a motion to dismiss).

## B.  Breach of Contract

In Count Two of the Amended Complaint, Nix alleges that Option One breached its

contract with Nix by failing to honor his rescission notice.  The breach of contract claim is

similar to Nix's claim for damages under the TILA because the same refusal to rescind comprises

the alleged TILA violation as well as the alleged breach of contract.  Additionally, although the

Plaintiff's allegations are not particularly well-drafted, Nix also refers to other potential breaches

relating to Option One's failure to act in accordance with the terms, conditions, and stipulations

relating to the loan transaction. (See Am. Compl. ¶¶ 7-16.)  However, as mentioned above, the

current motion to dismiss only seeks dismissal of the breach of contract claim in Count Two to

the extent that it is based upon Option One's failure to rescind the loan transaction. (See Def.

Reply Mem. at 2.)  All other breach of contract claims, if any, in Plaintiff's Amended Complaint

are unaffected by the current motion. See supra note 1.

In particular, Option One seeks to dismiss the breach of contract claim for Option One's

failure to rescind because the claim is time-barred by New Jersey's statute of limitations.  In New

Jersey, "every action at law . . . for recovery upon a contractual claim . . . shall be commenced within six years next after the cause of any such action shall have accrued." N.J. Stat. Ann. § 2A:14-1.  In turn, a breach of contract claim generally accrues at the time of the alleged breach. See Docteroff v. Barra Corp. of America, Inc., 659 A.2d 948, 951 (N.J. Super. Ct. App. Div. 1995).

As a preliminary matter, neither party has presented any facts or allegations to show that the terms or conditions of the contract address the rights and responsibilities regarding rescission, other than to suggest that the rescission provisions of the TILA apply.   In other words, the Plaintiff's claim for rescission seems to be a claim pursuant to TILA, rather than a state law claim for breach of contract based upon the agreements made in the loan transaction. Nevertheless, even assuming that Nix does have a contractual claim against Option One for its failure to honor his notice of rescission, it appears that the six year period in which Nix could have brought his breach of contract claim has passed.

Here, the alleged breach of contract presumably arose at the time Option One failed to honor Nix's rescission request.  According to Nix, Option One received his notice of rescission on or about July 31, 1998.   If the limitations period began to run on July 31, 1998, Nix would have had until July 31, 2004 to file this particular breach of contract claim against Option One. However, Nix did not file his original Complaint in this matter until April 22, 2005.  In addition, even assuming that the TILA provisions provide a basis for this particular breach of contract claim, section 1635(b) suggests that the alleged breach would have occurred on August 20, 1998- -twenty days from the date of Nix's rescission notice.  See 15 U.S.C. § 1635(b) (stating that a creditor has twenty days after receiving the debtor's notice of rescission to terminate its security interest in the debtor's property).  In other words, the allowable time period for filing the breach

of contract claim would still have expired on August 20, 2004, which was eight months before

Nix filed his initial Complaint.

Although the six year statute of limitations for Plaintiff's breach of contract claim relating

to rescission has expired, the Court notes that New Jersey recognizes the "discovery rule" as an

exception to the six year statute of limitations set forth in section 2A:14-1. See Cinnaminson

Twp. Board of Educ. v. U.S. Gypsum Co., 552 F. Supp. 855, 858 (D.N.J. 1982) ("The six-year

period of limitations contained in 2A:14-1 may be subject to the discovery rule.").  The

"discovery rule" is an equitable principal by which "the accrual of a cause of action is delayed

until the injured party discovers, or by the exercise of reasonable diligence and intelligence

should have discovered, that he may have a basis for an actionable claim." RTC Mortg. Trust

1994N-1 v. Fidelity Nat'l Title Ins. Co., 58 F. Supp. 2d 503, 543 (D.N.J. 1999) (quoting Staub v.

Eastman Kodak Co., 726 A.2d 955 (N.J. Super. Ct. App. Div. 1999)).

However, unlike the present breach of contract claim, the discovery rule has been applied

most frequently in actions which, by their nature, are self-concealing or undiscoverable, like

some personal injury or negligence-type actions.  See County of Morris v. Fauver, 707 A.2d 958,

972 (N.J. 1998).  By contrast, most contract actions rely upon the principal that the parties to the

agreement know the terms of their contract and can detect a breach with reasonable diligence. Id.

In turn, "because the discovery rule imposes on plaintiffs an affirmative duty to use reasonable

diligence to investigate a potential cause of action, and thus bars from recovery plaintiffs who

had 'reason to know' of their injuries, the discovery rule generally does not apply to contract

actions." Id. (citations omitted).  In the present case, a reasonably diligent plaintiff would be able

to determine within weeks or even days whether or not his rescission request would be honored

by the mortgage lender.  Therefore, even though the parties do not raise the discovery rule in

their motion papers, the Court finds that it would nevertheless be inapplicable to the Plaintiff's

contractual claim against his lender for failure to honor his notice of rescission. Thus, the Court

will grant Defendant's motion to dismiss Plaintiff's breach of contract claim for failure to rescind

on the basis that it is time-barred by the six-year statute of limitations in New Jersey.

## IV. CONCLUSION

For the foregoing reasons, this Court will grant the Defendant's motion to dismiss. The

Court will grant the Defendant's motion to dismiss Plaintiff's claims in Count One for rescission

and damages pursuant to the TILA. In addition, the Court will grant the Defendant's motion to

dismiss the claim in Count Two for breach of contract to the extent the claim is based upon the

Defendant's failure to honor Plaintiff's rescission rights. All other breach of contract claims, if

any, contained in Count Two of Plaintiff's Amended Complaint will survive this motion, and

Counts III and IV likewise remain unaffected by this decision. The accompanying Order shall

issue today.


Dated:    1-19-06                                          s/ Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge